UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMY CHAISSON, individually and on behalf of all others similarly situated | § § § | |
| Plaintiff, | § § | NO. 4:16-cv-01546 |
| vs. | § § | |
| MUDTECH SERVICES, L.P. | § § | |
| Defendant. | § § | |

DEFENDANT MUDTECH SERVICES, L.P.'S
ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendant MudTech Services, L.P. (MudTech) files its Original Answer and Affirmative and Other Defenses to the plaintiff Jeremy Chaisson (plaintiff or Chaisson)'s First Amended Complaint and respectfully shows as follows:

ORIGINAL ANSWER

Without waiving any of its affirmative or other defenses, MudTech answers the allegations contained in the plaintiff's Original Complaint (Complaint) in corresponding numbered paragraphs as follows:

SUMMARY

1. MudTech admits that the plaintiff purports to assert claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, but specifically denies any claim or implication by the plaintiff that MudTech violated the FLSA or that the plaintiff is entitled to any of the relief sought. Except as expressly admitted, MudTech denies the allegation in Paragraph 1 of the Complaint.

2. MudTech admits that it provides oil field consultants to oil and gas companies. Except as expressly admitted, MudTech denies the allegations in Paragraph 2 of the Complaint.

3. Mudtech denies the allegations contained in Paragraph 3 of the Complaint.

4. MudTech admits that plaintiff performed work for MudTech's clients as a Solids Control Consultant. MudTech further admits that it classified plaintiff and some other Solids Control Consultants as independent contractors and paid them a day rate and sometimes a per diem. Except as expressly admitted, MudTech denies the allegations contained in Paragraph 4 of the Complaint

5. MudTech admits that plaintiff purports to bring this lawsuit as a collective action under the FLSA. MudTech specifically denies any claim or implication that MudTech violated the FLSA, that this action is appropriately maintained as a collective action, that similarly situated individuals exist, or that plaintiff or those he purports to represent are entitled to any of the relief sought.

## JURISDICTION AND VENUE

6. MudTech admits the allegations in Paragraph 6 of the Complaint.

7. MudTech admits the allegations in Paragraph 7 of the Complaint.

## THE PARTIES

8. MudTech admits that Plaintiff performed services for its clients as a Solids Control Consultant during the relevant time period. MudTech lacks knowledge or information sufficient to form a belief as to whether such services were performed exclusively for MudTech's clients, and on that basis denies those allegations. Except as expressly admitted, MudTech denies the allegations in Paragraph 8 of the Complaint.

9. MudTech admits that Plaintiff contracted with MudTech to provide services as a Solids Control Consultant for MudTech's clients. MudTech further admits that it classified Plaintiff as an independent contractor and issued him a 1099. MudTech acknowledges that Chaisson has attached a consent form to the Complaint. Except as expressly admitted, MudTech denies the allegations contained in Paragraph 9 of the Complaint.

10. MudTech denies the allegations in Paragraph 10 of the Complaint.

11. MudTech admits that Plaintiff was classified as an independent contractor and received a day rate and sometimes a per diem for his services. MudTech further admits that Plaintiff did not bill for or receive overtime compensation. Except as expressly admitted, MudTech denies the allegations in Paragraph 11 of the Complaint.

12. MudTech acknowledges that Plaintiff purports to bring this action on behalf of himself and similarly situated individuals. MudTech admits that other independent contractors who received a day rate were paid a flat amount for each day worked with no overtime pay. MudTech expressly denies that the class definition proposed by Plaintiff in Paragraph 12 is appropriate or that similarly situated individuals exist. Except as expressly admitted, MudTech denies the allegations in Paragraph 12 of the Complaint.

13. MudTech admits the allegations in Paragraph 13 of the Complaint.

## COVERAGE UNDER THE FLSA

14. MudTech admits that it is an Employer within the meaning of the FLSA, but expressly denies that it was Plaintiff's employer.

15. MudTech denies the allegations in Paragraph 15 of the Complaint.

16. MudTech denies the allegations in Paragraph 16 of the Complaint.

17. MudTech denies the allegations in Paragraph 17 of the Complaint.

18. MudTech admits that it is an enterprise within the meaning of FLSA. Except as expressly admitted, MudTech denies the allegations in Paragraph 18 of the Complaint.

19. MudTech admits that it is an enterprise within the meaning of FLSA. Except as expressly admitted, MudTech denies the allegations in Paragraph 18 of the Complaint.

20. MudTech admits that both its employees and its independent contractors (of which Plaintiff was one) are engaged in commerce. Except as expressly admitted, MudTech denies the allegations in Paragraph 20 of the Complaint.

21. It is unclear what allegations, if any, are being asserted in Paragraph 21 of the Complaint. MudTech therefore denies Paragraph 21 on the basis that it is unintelligible.

22. MudTech denies the allegations in Paragraph 22 of the Complaint.

23. MudTech admits that it is an enterprise within the meaning of the FLSA. Except as expressly admitted, MudTech denies the allegations in Paragraph 23 of the Complaint

24. MudTech admits that Plaintiff and other Solids Control Consultants were engaged in commerce. Except as expressly admitted, MudTech denies the allegations in Paragraph 24 of the Complaint.

### THE FACTS

25. MudTech admits that it is a global services company with operations throughout the United States. MudTech further admits that it provides resumes of oilfield consultants to operators and other oil field service companies. Except as expressly admitted, MudTech denies the allegations in Paragraph 25 of the Complaint.

26. MudTech admits that Solids Control Consultants were, for a time, classified as independent contractors who billed and were compensated on a day-rate basis, which involved a flat sum for each day worked, regardless of the numbers of hours that they worked that day or in

the workweek. MudTech further admits that independent contractors did not receive overtime for hours worked in excess of 40 in a workweek. Except as expressly admitted, MudTech denies the allegations in Paragraph 26 of the Complaint.

27. MudTech denies that it ever employed the plaintiff. MudTech admits that the plaintiff contracted with MudTech to have MudTech perform marketing and billing services for plaintiff's services as an independent solids control consultant. MudTech further admits that the plaintiff billed and received compensation on a day rate basis and did not bill or receive overtime compensation. Except as expressly admitted, MudTech denies the allegations in Paragraph 27 of the Complaint.

28. MudTech admits that plaintiff, among other things, maintained and operated solids controls equipment and assisted oilfield service companies with rigging up and rigging down solids controls equipment. Except as expressly admitted, MudTech denies the allegations in Paragraph 28 of the Complaint.

29. MudTech denies that it created standardized plans, procedures, or checklists, or that it predetermined the job functions of the plaintiff or putative class members. MudTech is without knowledge or information sufficient to form a belief as to whether MudTech's clients provided the plaintiff or putative class members with any plans, procedures, or checklists and, on that basis, denies those allegations. MudTech admits that Solids Control Consultants were not required to have a college or advanced degree. Except as expressly admitted, MudTech denies the allegations in Paragraph 29 of the Complaint.

30. MudTech lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30, and on that basis denies those allegations.

31. MudTech admits that for some time it classified Plaintiff and other Solids Control Consultants as independent contractors and paid them a day rate with no overtime. Except as expressly admitted, MudTech denies the allegations contained in Paragraph 31.

32. MudTech denies the allegations contained in Paragraph 32.

33. MudTech admits that it classified Plaintiff as an independent contractor. Except as expressly admitted, MudTech denies the allegations contained in Paragraph 33 of the Complaint.

34. MudTech denies the allegations contained in Paragraph 34 of the Complaint.

35. MudTech denies the allegations contained in Paragraph 35 of the Complaint.

36. MudTech denies the allegations contained in Paragraph 36 of the Complaint.

37. MudTech denies the allegations contained in Paragraph 37 of the Complaint.

38. MudTech denies the allegations contained in Paragraph 38 of the Complaint.

39. MudTech denies the allegations contained in Paragraph 39 of the Complaint.

40. MudTech denies the allegations contained in Paragraph 40 of the Complaint.

41. MudTech denies the allegations contained in Paragraph 41 of the Complaint.

42. MudTech denies the allegations contained in Paragraph 42 of the Complaint.

43. MudTech denies the allegations contained in Paragraph 43 of the Complaint.

44. MudTech denies the allegations contained in Paragraph 44 of the Complaint.

45. MudTech admits that, for some time, MudTech paid its solids control consultants a day rate and sometime a per diem, and did not pay overtime. Except as expressly admitted, MudTech denies the allegations contained in Paragraph 45 of the Complaint.

46. MudTech denies the allegations contained in Paragraph 46 of the Complaint.

47. MudTech denies the allegations contained in Paragraph 47 of the Complaint.

48. MudTech denies the allegations contained in Paragraph 48 of the Complaint.

### ALLEGED FLSA VIOLATIONS

49. MudTech denies the allegations contained in Paragraph 49 of the Complaint.

50. MudTech denies the allegations contained in Paragraph 50 of the Complaint.

51. MudTech denies the allegations contained in Paragraph 51 of the Complaint

52. MudTech denies the allegations contained in Paragraph 52 of the Complaint.

### COLLECTIVE ACTION ALLEGATIONS

53. MudTech denies the allegations contained in Paragraph 21 of the Complaint.

54. MudTech denies the allegations contained in Paragraph 22 of the Complaint.

55. MudTech denies the allegations contained in Paragraph 23 of the Complaint.

### JURY DEMAND

56. MudTech acknowledges that Chaisson demands a trial by jury.

### RELIEF SOUGHT

57. With regard to the plaintiff's relief sought, and all subparts thereto, no responsive pleading is required. To the extent a responsive pleading is required, MudTech denies that the plaintiff is entitled to the relief sought, including subparagraphs (a)-(g), and any claim or implication by the plaintiff that this action is appropriately maintained as an opt-in collective action or any other type of class action or that there are others similarly situated to the plaintiff.

### AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing denials and admissions, and pleading in the alternative when necessary, MudTech pleads the following affirmative and other defenses and reserves the right to plead additional defenses that may become apparent during the defense of this lawsuit:

FIRST DEFENSE

The plaintiff fails to state a claim against MudTech upon which relief may be granted.

SECOND DEFENSE

The plaintiff's claims are barred because he has no employment relationship with MudTech. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

THIRD DEFENSE

MudTech at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the FLSA, and MudTech asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by the plaintiff for liquidated damages.

FOURTH DEFENSE

The plaintiff's claims are barred, in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with the plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This may also apply to the claims of some or all of the class of allegedly similarly situated persons.

FIFTH DEFENSE

The plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions

were not a violation of the FLSA. This may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SIXTH DEFENSE

Even assuming, arguendo, that MudTech had in fact failed to properly pay the plaintiff for any of the activities alleged in the plaintiff's Complaint (which it did not), such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of the plaintiff's principal activities of employment and are not compensable. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SEVENTH DEFENSE

The plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which the plaintiff was engaged in activities which were preliminary or postliminary to his principal activities or incidental to them. This defense may also apply to the claims of some or all of the class of allegedly similarly situated person.

### EIGHTH DEFENSE

The plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimus non curat lex*. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### NINTH DEFENSE

Because any acts or omissions by MudTech giving rise to this action do not constitute willful violations of the FLSA, the claims against MudTech are subject to the two year statute of

limitations. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

TENTH DEFENSE

Assuming, *arguendo*, that MudTech violated any provision of the FLSA (which it did not), such violation was not pursuant to a uniform policy or plan. The plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by MudTech. This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

ELEVENTH DEFENSE

The entire collective action Complaint seeking class-wide relief must be dismissed, as the plaintiff cannot satisfy the requirements for maintenance of a collective action under Section 216 of the FLSA, or otherwise. The named plaintiff is not similarly situated to or an otherwise adequate representative for the persons whom he purports to represent and furthermore, there are no employees of MudTech who are similarly situated to the plaintiff, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

TWELFTH DEFENSE

Certain interests of the alleged putative group that the plaintiff purports to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative group.

THIRTEENTH DEFENSE

The plaintiff's claims are barred to the extent the plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the complaint, if any. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

FOURTEENTH DEFENSE

The plaintiff's claims are barred by the equitable doctrines of waiver, judicial estoppel, collateral estoppel, res judicata, unclean hands and/or laches. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

FIFTEENTH DEFENSE

MudTech has not willfully failed to pay the plaintiff any wages and/or other monies claimed due, and there is a bona fide, good faith dispute with respect to MudTech's obligation to pay any sum that may be alleged to be due. This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

SIXTEENTH DEFENSE

The plaintiff and all alleged potential class members have been paid and/or received all compensation due to them by virtue of their contractual relationships and/or employment with MudTech. All or portions of the claims set forth in the Complaint are barred because the plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

SEVENTEENTH DEFENSE

The plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of his stated claims. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

EIGHTEENTH DEFENSE

MudTech is entitled to offset any and all damage amounts recovered by the plaintiff by an amount equal to any overpayment of wages or compensation. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## NINETEENTH DEFENSE

Plaintiff is only entitled to one satisfaction for any established unlawful conduct and his claims for damages are limited by the applicable statutory maximum. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

\*\*\*

Therefore, MudTech respectfully requests that the Court ultimately dismiss this action with prejudice, order that the plaintiff and the individuals he seeks to represent take nothing, enter judgment in favor of MudTech, award MudTech costs and reasonable attorneys' fees, and grant it all other relief to which it is justly entitled.

Respectfully submitted,

/s/ *Kerry E Notestine*
Kerry E Notestine (Attorney-in-Charge)
State Bar No. 15116950
Federal ID No. 2423
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
knotestine@littler.com

ATTORNEYS FOR DEFENDANT
MUDTECH SERVICES, L.P

Of Counsel:

Sarah Morton
State Bar No. 24066151
Federal ID No. 966164
Kevin Little
State Bar No. 24070155
Federal ID No. 1138412
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
smorton@littler.com
klittle@littler.com


David O'Neil
Texas Bar No. 15284715
Federal I.D. No. 6378
DOneil@ntglobal.com
1030 Regional Park Dr.
Houston, Texas 77060
281.951.4330 (Telephone)
281.951.8719 (Fax)
DOneil@ntglobal.com

CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing document was sent to the following counsel of record via the Court's electronic filing system, on this 5th day of July, 2016:

Michael A. Josephson
Andrew Dunlap
Lindsay R. Itkin
Jessica M. Bresler
FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON
1150 Bissonnet St.
Houston, Texas 77005

Richard J. (Rex) Burch
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

ATTORNEYS FOR PLAINTIFF

    */s/ Kerry Notestine*
    Kerry Notestine

Firmwide:141201862.2 079900.1010